LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq. (GFH #2498)
David A. Blansky, Esq. (DAB#1260)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
---------------------------------------------------------x
In re:

                                        Chapter 7
ELAN DAVID KLEBANOW A/K/A        Case No.: 803-85376-511
ELAN D. KLEBANOW,

       Debtor.
---------------------------------------------------------x
R. KENNETH BARNARD, ESQ., as Trustee of
the estate of Elan David Klebanow,                Adv. Pro. No.

       Plaintiff,

   -against-

KAREN KLEBANOW,                                    **COMPLAINT**

       Defendant.
------------------------------------------------------------X

     Plaintiff, R. Kenneth Barnard, Esq., as Chapter 7 Trustee (the "Plaintiff") of the estate of Elan David Klebanow a/k/a Elan D. Klebanow (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), as and for his Complaint against defendant Karen Klebanow (the "Defendant"), alleges as follows:

**Jurisdiction and Venue**

     1.     This adversary proceeding is brought under 11 U.S.C. §§ 105, 541, and 542, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to recover property of the estate.

2. Because this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E), and (O).

4. Under 28 U.S.C. § 1409(a), this Court is the proper venue for this proceeding.

## Background

5. On August 14, 2003 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with the Court.

6. Thereafter, by Notice of Appointment, the Plaintiff was appointed the Interim Chapter 7 Trustee of the Debtor's estate, and by operation of law became the permanent Trustee of the Estate.

## The Parties

7. The Defendant is an individual residing at 7 Elliot Road, Great Neck, New York 11021.

8. At all times relevant, the Defendant was the Debtor's wife.

9. Plaintiff is authorized to file this action under § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

## The Transfer

10. Until on or about December 26, 1995, the Debtor and Defendant were owners in the entireties of the real property known as and located at 14 Pond Park Road, Great Neck, New York 11023(the "Pond Park Property"), designated section 2, block 366, lot 18 on the Tax Map of Nassau County.

11. By deed dated December 26, 1995 (the "Pond Park Deed"), the Debtor and Defendant transferred all interest in the Pond Park Property into the Defendant's sole name for no consideration (the "Transfer").

12. The Pond Park Deed reflects that the Transfer was a "No Consideration Inter-Family Transfer".

13. At the time of the Transfer, the Defendant was unemployed and had no independent source of income.

14. On or about July 24, 2001, the Defendant sold the Pond Park Property to a third property for the sum of $840,000.00.

15. After payment of ordinary closing costs and the first mortgage, the Defendant received approximately $122,205.39 in net proceeds.

16. By deed recorded March 11, 2002, the Defendant purchased the real property known as and located at 7 Elliot Road, Great Neck, New York 11021(the "Elliot Road Property"), designated section 2, block 176, lot 137 on the Tax Map of Nassau County from her mother, Molly Lieberman.

17. The Elliot Road Property was titled solely in the Defendant's name.

18. Following the Defendant's purchase of the Elliot Road Property, Molly Lieberman continued to reside there, along with the Debtor, Defendant and their children.

19. Upon information and belief, the net proceeds from the sale of the Pond Park Property were used toward the purchase of the Elliot Road Property.

20. Upon information and belief, the Defendant was not gainfully employed until in or about 2002.

21. Since becoming gainfully employed, the Defendant's income alone has been insufficient to meet the obligations incurred by her and the Debtor, including the monthly mortgage payments and carrying charges due on the Elliot Road Property.

22. At all time relevant herein, the Debtor and Defendant pooled their income to pay all of their monthly obligations, including the mortgage and carrying charges on the Elliot Road Property.

23. Since the late 1990s, the income of the Debtor and Defendant have been insufficient to meet their monthly obligations as they matured.

24. Since purchasing the Elliot Road Property, the Defendant has refinanced on one or more occasions, reducing the equity in the Elliot Road Property on each occasion.

25. The most recent refinance was in July 2003, at which time the Defendant received cash proceeds of $33,512.37.

26. The Nassau County Department of Assessment has appraised the Elliot Road Property's fair market value at $958,400.00.

27. Upon information and belief, the Elliot Road Property is only encumbered by a first mortgage having an original principal balance of $570,000.00 as of July 2003.

28. Accordingly, the Elliot Road Property has substantial equity.

29. The Debtor has an equitable interest in the Elliot Road Property that may be realized for the benefit of the creditors of the Debtor's estate.

30. The Defendant has failed to turn over the Debtor's interest in the Elliot Road Property to the Trustee.

### **FIRST CLAIM FOR RELIEF**
(Incorporating all previous allegations)

31.     The Debtor has a legal and equitable interest in the Elliot Road Property.

32.     The Debtor's legal and equitable interest in the Elliot Road Property is property of the estate.

33.     By reason of the foregoing, the Trustee is entitled to the entry of an Order, under §§ 541 and 542 of the Bankruptcy Code, against the Defendant: (a) in an amount as yet undetermined, but in no event less than $194,200.00; (b) declaring the Debtor's interest in the Elliot Road Property to be the property of the estate, directing the Defendant to immediately turnover of the Debtor's interest in the Real Property, and thereafter determining the distributive interests of the Debtor and the Defendant; and (c) for a full and complete accounting.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against the Defendant as follows:

1.      On his first claim for relief, a judgment, under §§ 541 and 542 of the Bankruptcy Code: (a) in an amount as yet undetermined, but in no event less than $194,200.00; (b) declaring the Debtor's interest in the Elliot Road Property to be the property of the estate, directing the Defendant to immediately turnover the Debtor's interest in the Elliot Road Property and thereafter determining the distributive interests of the Debtor and the Defendant; and (c) for a full and complete accounting; and

[THIS SPACE INTENTIONALLY LEFT BLANK]

    2.    For such other further and different relief as this Court may deem just and proper.

Dated: Wantagh, New York
        July 13, 2005

                          **LAMONICA HERBST & MANISCALCO, LLP**
                          Attorneys for R. Kenneth Barnard, Esq,
                          Chapter 7 Trustee

                By:    */s/ Gary F. Herbst*
                          Gary F. Herbst, Esq. (GFH#2498)
                          A Member of the Firm
                          3305 Jerusalem Avenue
                          Wantagh, New York 11793
                          (516) 826-6500

*Klebanow, Elant/Adv Pro/Complaint.wpd*